Clifford S. Davidson, OSB No. 125378
cdavidson@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for plaintiff Anitian Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ANITIAN CORPORATION, an Oregon corporation, | Case No. 3:19-cv-19-__ |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK |
| vs. | |
| SHERLOCK META, INC.,  a Missouri corporation, | |
| Defendant. | |

The purpose of this lawsuit is to obtain a judgment declaring that plaintiff is not infringing upon defendant's trademark.

**JURISDICTION AND VENUE**

1.      Plaintiff Anitian Corporation is an Oregon corporation with its headquarters, and principal place of business, in Portland, Oregon.

2.      Defendant Sherlock Meta, Inc. is, according to public records, a Missouri corporation with an address of 7415 Parkdale Avenue, Clayton, MO 63105.

Page 1 - COMPLAINT

3.      As set forth in detail below in the First Claim for Relief, the Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 2201-2202, the Declaratory Judgment Act, because there is an actual case or controversy between the parties. The underlying claim is made pursuant to the Lanham Act, which confers jurisdiction pursuant to 15 U.S.C. § 1121(a). More generally, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      The Court has personal jurisdiction over defendant because defendant has sent a cease-and-desist letter to plaintiff in Oregon and deliberately avails itself of the Oregon forum by marketing its product in Oregon over the Internet.

5.      This Court is the appropriate venue because plaintiff, its officers and employees are located in Portland, Oregon; the demand letter described below was sent to plaintiff in Portland, Oregon; and the property potentially affected by this action is situated there. This Court is the appropriate divisional venue because plaintiff is located in Portland, Oregon.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment—Non-infringement under the Lanham Act)

6.      Plaintiff Anitian Corporation was founded by Andrew Plato in 1995. Plaintiff provides cloud-centric information security services and solutions and no other types of products.

7.      Plaintiff has used the word 'Sherlock' in connection with its products since 2015. Additionally, plaintiff recently rolled out two products: Sherlock Compliance Automation and Sherlock Managed Detection and Response (the "Products"). The Products focus entirely on security and threat detection.

A.      **Defendant's Trademark**

8.      Defendant possesses a federally-registered word mark "SHERLOCK," which the United States Patent and Trademark Office assigned Registration Number 4,546,938 (the "Mark").

9.      According to public records, the Mark was registered on or about June 10, 2014

Page 2 - COMPLAINT

by defendant's predecessor-in-interest, EV Technologies, Inc., and pertains to "Computer software that assesses, enhances, monitors, and manages business intelligence management software."

10.    According to public records, the estate of Sr. Arthur Conan Doyle, the author of the Sherlock Holmes series of novels, considered filing an opposition to registration of the Mark but did not do so.

11.    On or about September 7, 2018, EV Technologies assigned the Mark to defendant.

**B.    Defendant's Cease-and-Desist Letter to Plaintiff**

12.    On or about December 17, 2018, plaintiff received a cease-and-desist letter from defendant (the "Letter").

13.    In the Letter, defendant claimed that its products and plaintiff's products are "similar commercial software."

14.    In the Letter, defendant claimed plaintiff's use of the word 'Sherlock' in connection with its products "is deceptive, disconcerting and misleading" and "gives the false impression that [defendant] is associated with [plaintiff] and that [defendant] authorizes and endorses [plaintiff's] software, all of which constitute infringement in violation of applicable federal and state statutes and common law prohibitions against unfair competition."

15.    In the Letter, defendant demanded that plaintiff agree to immediately abandon its use of the word 'Sherlock,' remove that word from all materials and refrain from using 'Sherlock' or any other trademark or trade name confusingly similar to the Mark.

16.    In the Letter, defendant threatened to sue if plaintiff did not acknowledge by January 7, 2019 in writing compliance with defendant's demands in the Letter.

**C.    The Court Should Declare Non-Infringement, and Unenforceability, of the Mark**

17.    Plaintiff's product is not similar to defendant's product, contrary to what defendant claims. The Products are computer software; that is where the similarity ends.

Page 3 - COMPLAINT

18.     A reasonable consumer in the market for either plaintiff's or defendant's product would not confuse for one another the products each company is offering. Plaintiff's use of 'Sherlock' in connection with security software would not be confused with defendant's use of 'Sherlock' in connection with "Computer software that assesses, enhances, monitors, and manages business intelligence management software."

19.     There are numerous other software-related, cloud-related, and computer-related products including the name 'Sherlock.'

20.     There are several other federal registrations of 'Sherlock' that relate to computer software and are registered in International Class 009—the same class as the Mark.

21.     'Sherlock' is also the name of a famous fictional detective.

22.     The word 'sherlock,' lowercase, is a common word. It appears in Webster's Unabridged Dictionary (2d ed. 2001) with the definition: "1. a private detective. 2. a person remarkably adept at solving mysteries, esp. by using insight and logical deduction: *Who's the sherlock who can tell me where by pen is*?" This definition appeared in the 2001 edition of Webster's, prior to the Mark's registration, and even prior to its asserted first use in commerce in 2009.

23.     In short, SHERLOCK is a weak mark.

24.     Additionally, enforcement of the Mark is barred by the doctrine of laches. Defendant purports to have made commercial use of 'Sherlock' in connection with its software in 2009. Defendant registered the Mark in 2014. Plaintiff began to use 'Sherlock' in connection with its cloud-centered security products in 2015. Neither defendant's predecessor-in-interest, nor defendant, challenged plaintiff's use of 'Sherlock' until December 2018. In the meantime, plaintiff invested significant resources into the Sherlock product line.

25.     Plaintiff disputes the assertions of the Letter and, according to the Letter, faces the prospect of immediate litigation based on this dispute. Furthermore, plaintiff believes that the Mark is unenforceable as to plaintiff's use in connection with the Products and defendant's

Page 4 - COMPLAINT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

purported infringement claim is barred by laches. There thus is an actual controversy ripe for determination by this Court.

**WHEREFORE,** Anitian prays for relief as follows:

A. For a declaration that Anitian's use of the word 'Sherlock' in connection with Anitian's products—Sherlock Compliance Automation and Sherlock Managed Detection and Response (the "Products")—does not infringe upon the SHERLOCK mark;

B. For a declaration that the SHERLOCK mark is unenforceable with respect to plaintiff's Products; and

C. For Such other and further relief the Court deems just or proper.

SUSSMAN SHANK LLP


By   s/Clifford S. Davidson
      Clifford S. Davidson, OSB No. 125378
      (503) 227-1111
      Attorneys for plaintiff Anitian Corporation

Page 5 - COMPLAINT